# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Alphanso Allen,<br>also named as: Donald A Allen,<br><br>            Plaintiff,<br><br>v.<br><br>Charles Ryan, Pamela Rider, Management Training Corporation, Jeremy Denoyer,<br><br>            Defendants. | No. CV 14-08235 PCT SRB (MEA)<br><br>**REPORT AND RECOMMENDATION** |

On December 8, 2014, Plaintiff docketed a prisoner civil rights complaint and a motion for leave to proceed in this matter *in forma pauperis* and a motion seeking the appointment of counsel. See Doc. 1, Doc. 2, Doc. 5. The basis of Plaintiff's claim is an incident Plaintiff alleges occurred on or about April 26, 2014, during which Defendant Denoyer sprayed Plaintiff in the face with pepper spray. See Doc. 1 at 3. After Plaintiff complained, Defendant Rider terminated Defendant Denoyer's employment as a Correctional Officer based on this incident. Id., Attach. Plaintiff asserts the other defendants are liable for Defendant Denoyer's act based on negligent hiring and training and vicarious liability.

In an order entered January 22, 2015, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and denied the motion for counsel without prejudice. The Court also dismissed Defendants Ryan, Rider, Management Training Corporation and the defendants identified as "Capts, Sgts, and Lts of the first shift staff." Doc. 8. The

1  Court ordered Plaintiff to return a service packet for Defendant Denoyer to the Court. Id.
2  Plaintiff returned a service packet for Defendant Denoyer to the Court and also docketed
3  a motion seeking an order "Directing the US Marshal's to Serve Summons in Person to
4  Defendant Denoyer" (Doc. 10).  On March 13, 2015, Plaintiff docketed a motion seeking
5  leave to amend his complaint and lodged a proposed first amended complaint.  See Doc.
6  12 & Doc. 13.  In the proposed amended complaint Plaintiff seeks to add back in to this
7  matter the claims and Defendants previously dismissed.  On March 23, 2015, service was
8  returned as unexecuted on Defendant Denoyer.  See Doc. 14.

9  Plaintiff previously filed a prisoner civil rights suit naming as defendants Pamela
10 Rider, the President of the Management Training Corporation, "Unknown" Denoyer, and
11 "Capt, Sgt, & Lt of the First Shift Staff," which case was docketed as 3:13 cv 8048 PCT
12 DJH.  In that matter Plaintiff alleged an incident identical to the incident alleged in the
13 instant matter, except Plaintiff alleged this even occurred on April 26, 2012.  See 3:13 cv
14 8048 at Doc. 7 (First Amended Complaint).  In that matter, the only defendant that
15 survived the Court's screening order at Doc. 9 was Defendant Denoyer.   In that matter,
16 despite three attempts to locate Defendant Denoyer to effect service of process, including
17 ordering the Management and Training Corporation to disclose the last known address of
18 this defendant under seal and an attempt by the Marshal to serve this defendant at that
19 address, Defendant was not served and the matter was dismissed.

20 Plaintiff's complaint in this matter alleges liability based on events Plaintiff
21 previously averred to the Court occurred in 2012, although Plaintiff now asserts they
22 occurred in 2014.  Additionally, the only defendant the Court has twice found potentially
23 liable for any injury to Plaintiff is a defendant that no one has been able to locate.

24 Although Plaintiff proceeds *in forma pauperis*, it remains Plaintiff's responsibility
25 to provide the United States Marshal with accurate and sufficient information to effect
26 service. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other
27 grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995). And the Court is not
28 required to act as an investigative body in ascertaining a correct address for Defendant

Denoyer, certainly when it has already expended judicial resources in an effort to do so. See Fed. R. Civ. P. 4(c)(2); Walker, 14 F.3d at 1422. The District Court judges of the United States District Court for the District of Arizona have concluded that "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." E.g., DeRoche v. Funkhouser, 2008 WL 42277659, at *1 (D. Ariz.), citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the Court should not assume the role of advocate for a pro se litigant). See also Pember v. Ryan, 2014 WL 3397735, at *2–*3 (D. Ariz). The United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004) As an impartial decision maker, it is not a federal judge's role or responsibility to track down a defendant's address so a plaintiff may serve process. This degree of involvement "would undermine [trial] judges' role as impartial decision makers." Id.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion (Doc. 12) for leave to amend his complaint be **denied**.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion (Doc. 10) asking the Court to order the Marshal to attempt personal service on Defendant Denoyer be **denied**, because the record in this matter and the 2013 matter indicates Defendant Denoyer no longer resides at the address provided under seal by the Management Training Corporation.

**IT IS FURTHER RECOMMENDED that** Plaintiff's complaint and this action be dismissed without prejudice for the failure to serve the only defendant in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 2nd day of April, 2015.

_____
Mark E. Aspey
United States Magistrate Judge