NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Alphanso Allen,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Defendants. | No. CV-14-08235-PCT-SRB<br><br>**ORDER** |

　　　　The Magistrate Judge to whom this prisoner civil rights case was referred recommended that Plaintiff's request to be given more time to attempt personal service on the only remaining defendant Jeremy Denoyer be denied, that Plaintiff's Motion for Leave to Amend his Complaint be denied and that Plaintiff's Complaint and this action be dismissed without prejudice for failure to serve Defendant Jeremy Denoyer.  Plaintiff filed timely written objections to the Report and Recommendation. Plaintiff objects to not being given more time to serve Jeremy Denoyer and objects to the recommendation that his Motion for Leave to Amend be denied on the grounds that he has the right to amend at least once. Plaintiff's objections will be overruled, and the Court will follow the recommendations of the Magistrate Judge to deny both of Plaintiff's motions and to dismiss this case without prejudice.

　　　　In discussing the failure to serve Defendant Jeremy Denoyer, the Magistrate Judge noted that Plaintiff had previously filed a prisoner civil rights suit in 2013 that appeared to arise out of the identical incident. In 2013 Plaintiff alleged this incident occurred on

1  April 26, 2012. In the present Complaint the incident is identically described but Plaintiff
2  alleged that it occurred on April 26, 2014. In his objections Plaintiff has clarified that the
3  reference to 2014 was a typographical error and the correct date of the incident giving
4  rise to his claim was April 26, 2012.

5  The prior lawsuit was screened and the claim against only Defendant Jeremy
6  Denoyer remained after screening. In that case three attempts to locate Defendant
7  Denoyer to effect service of process failed, even after the Court ordered his former
8  employer to disclose his last known address and directed the Marshal to serve at that
9  address. When service could not be made the case was dismissed.

10  Almost six months have elapsed since the Court directed that Plaintiff return a
11 service packet to the United States Marshal Service with information to serve Defendant
12 Denoyer. Service has been returned unexecuted. In his objections, Plaintiff suggests a
13 host of avenues at his disposal to attempt to locate Defendant Denoyer but provides no
14 evidence to the Court that he has pursued these avenues or that any of these avenues
15 would likely locate Defendant Denoyer for service. The objections to the
16 recommendation that the Motion to Extend Time for Service be denied are overruled.

17 Plaintiff also objects to the recommendation that his Motion for Leave to Amend
18 be denied but justifies this solely on the grounds that as a general rule leave to amend
19 should be freely given and that denying leave to amend for no reason is an abuse of
20 discretion. The proposed amendment simply attempts to add back in the same claims
21 against the other defendants that have already been determined by this Court in 2013 and
22 in 2015 to fail to state a claim upon which relief can be granted. The proposed
23 amendment is futile and the objection to the Magistrate Judge's recommendation is
24 overruled.

25 There is yet another reason to dismiss Plaintiff's complaint. Plaintiff concedes that
26 the incident that gives rise to this lawsuit occurred on April 26, 2012. This lawsuit was
27 filed on December 8, 2014, two and one half years after the incident occurred. While §
28 1983 of Title 42 of the United States Code does not include its own statute of limitations,

1  federal courts apply the statute of limitations governing personal injury claims in the
2  forum state. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). *TwoRivers v. Lewis*, 174 F.3d
3  987, 991 (9th Cir. 1999). A.R.S. § 12-542 establishes a two-year limitations period for
4  personal injury claims. Now that Plaintiff has clarified his typographical error and admits
5  that the incident occurred more than two and one half years prior to the filing of this
6  lawsuit, it is apparent that the statute of limitations expired on April 26, 2014. This
7  complaint was not filed until December 8, 2014. The nature of the allegations that gave
8  rise to the claim are that Defendant Denoyer pepper sprayed Plaintiff in the face on April
9  26, 2012 resulting in vision impairment and the need for medical treatment. There can be
10 no claim that Plaintiff was not aware of the incident giving rise to his claim on or about
11 the date that it occurred.

12     IT IS ORDERED overruling Plaintiff's Objections to the Report and
13 Recommendation of the Magistrate Judge in this case.

14     IT IS FURTHER ORDERED adopting the Report and Recommendation of the
15 Magistrate Judge as the Order of this Court.

16     IT IS FURTHER ORDERED denying Plaintiff's Motion for Leave to Amend his
17 Complaint. (Doc. 12)

18     IT IS FURTHER ORDERED denying Plaintiff's Motion for Additional Time to
19 Serve Defendant Jeremy Denoyer. (Doc. 10)

20     IT IS FURTHER ORDERED that Plaintiff's Complaint and this action are
21 dismissed both for failure to serve Defendant Denoyer and because of the expiration of
22 the applicable statute of limitations.

23     Dated this 29th day of June, 2015.

_____
Susan R. Bolton
United States District Judge